

FILED

JUL 2 7 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re

RACHEL and DONNIE ELLIS,

            Debtors.

Case No. 10-30418-A-7

**MEMORANDUM**

The U.S. Trustee moves for the imposition of fines against, and the disgorgement of fees paid to, Rita Mahaney.  The motion is based on alleged violations of 11 U.S.C. §§ 110(b)(1), (b)(2)(A), (c)(1), (f), (h)(2), and (l)(2).

I

In February 2010, Rachel Hunt-Ellis went to Derrick Collins for the preparation of a bankruptcy petition and the usual statements and schedules.  Mr. Collins, who is not an attorney, works with Carroll Foster, the person identified by the debtors' petition as the preparer of the bankruptcy documents that were eventually filed.  Ms. Foster also is not an attorney.

Mr. Collins asked Mrs. Hunt-Ellis to fill out a "Bankruptcy Intake Sheet," but because Mrs. Hunt-Ellis' financial records were so disorganized, Mr. Collins sent Mrs. Hunt-Ellis to Ms.



Mahaney for the preparation of an intake sheet.  That intake sheet included all information necessary to fill out the bankruptcy petition, schedules, and statements.

Ms. Mahaney conducts her business separately from the business conducted by Mr. Collins and Ms. Foster.  Ms. Mahaney is not an attorney.  She uses two different business names, RM Credit & Mortgage Processing and Legal Doc's "R" Us.

Ms. Mahaney met with Mrs. Hunt-Ellis.  Ms. Mahaney offered to "do a bankruptcy" for Mrs. Hunt-Ellis for a fee of $3,200.  It was later agreed that the bankruptcy documentation would include Donnie Ellis as a joint debtor.  In addition, Ms. Mahaney said she would "reestablish" Mrs. Hunt-Ellis' credit after the completion of the bankruptcy.

Ms. Mahaney then prepared a bankruptcy intake sheet, which she says she forwarded to Ms. Foster, who prepared and filed the debtors' bankruptcy petition documents.  Ms. Mahaney also forwarded $125 of the $3,200 fee she collected from the debtors to Ms. Foster.  Ms. Mahaney's name, signature, social security number, or address are not found on any of the petition documents filed with the court.

While Ms. Mahaney disputes that she offered to file a bankruptcy case for Mrs. Hunt-Ellis, the court does not believe Ms. Mahaney.

Ms. Mahaney testified that she does not give legal advice to anyone and that she did not give legal advice to the debtors. Nevertheless, Ms. Mahaney admits to discussing with the debtors questions such as whether they should file for bankruptcy jointly or separately, whether the debtors could keep their truck in a

-2-

1 │ bankruptcy, whether the debtors could have their case reinstated
2 │ after dismissal and closure, and what the debtors should "expect
3 │ in court."   Mahaney Decl. ¶¶ 10-12, 17-19.

4 │     The court also notes that Ms. Mahaney admits to preparing,
5 │ at least in part, the Statement by Debtor Not Represented by an
6 │ Attorney and instructing the debtors how to complete the
7 │ remainder of that document.   Mahaney Decl. ¶ 19.

8 │     Ms. Mahaney testified that she has never represented anyone
9 │ in bankruptcy.   Nonetheless, she admits to attending creditors'
10 │ meetings with clients.   Mahaney Decl. ¶ 19.   She admits to having
11 │ the Statement by Debtor Not Represented by an Attorney on hand in
12 │ her office and giving the statement to her clients.   Mahaney
13 │ Decl. ¶ 19.

14 │     Most telling is that Ms. Mahaney admits that a letter was
15 │ sent to one of the debtors' creditors on Legal Docs "R" Us
16 │ stationary.   That letter indicated that Legal Docs "R" Us was
17 │ "representing the [debtors in] Bankruptcy on June 1, 2010 in
18 │ court."   Mahaney Decl. ¶ 21; Exhibits to Motion at 5.   Although
19 │ Ms. Mahaney denies having authorized her staff to send this
20 │ letter, the fact remains that the letter was sent and no witness
21 │ was called from Ms. Mahaney's office to corroborate that the
22 │ letter was unauthorized.   Id.

23 │     Ms. Mahaney argues that as a matter of course she does not
24 │ prepare bankruptcy petitions.   On the other hand, she admits to
25 │ preparing bankruptcy intake sheets, used by petition preparers
26 │ and attorneys to prepare bankruptcy documentation.   Mahaney Decl.
27 │ ¶¶ 7-8, 15.

28 │ ///

-3-

1    The court concludes that Ms. Mahaney, as well as Mr. Collins

2  and Ms. Foster, assisted the debtors in the preparation of their

3  bankruptcy documents.  Therefore, these services are subject to

4  the restrictions imposed on bankruptcy petition preparers by 11

5  U.S.C. § 110.

6    The court also does not believe Ms. Mahaney's testimony

7  regarding the amount of time she spent going over the debtors'

8  financial records to prepare the intake sheet.  Ms. Mahaney

9  testified that Mrs. Hunt-Ellis brought a large brown bag to her

10  office with "bills from approximately 75 different creditors."

11  Mahaney Decl. ¶ 5.  Ms. Mahaney and her staff allegedly spent 85

12  hours on preparing the debtors' intake sheets.  Mahaney Decl. ¶

13  13.

14    Yet, the debtors owned only one piece of real property and,

15  aside from three bank accounts with an aggregate balance of $80,

16  they possessed modest personal property, consisting of clothing,

17  wedding rings, a watch, and a vehicle.  The debtors had only two

18  secured creditors and 22 unsecured creditors.  Their bankruptcy

19  does not involve a business.

20    The bankruptcy documents consist of the usual statements and

21  schedules, totaling only 39 pages, including the bankruptcy

22  petition (3 pages), the summary of schedules (1 page), the

23  statistical summary (1 page), the declaration concerning the

24  debtors' schedules (1 page), Schedules A through J (17 pages),

25  the statement of financial affairs (6 pages), the statement of

26  intention (2 pages), and the statement of current monthly income

27  and means test calculation (8 pages).

28  ///

In short, whatever the condition of the debtors' records, their financial situation was relatively uncomplicated.  The court does not believe that it took 85 hours to complete the intake sheet that was used to gather the information for the bankruptcy documents.

While part of Ms. Mahaney's $3,200 fee was for services clearly related to the preparation of the bankruptcy documents, part of her fee was ostensibly for the restoration of the debtors' credit.  Conceivably, Ms. Mahaney could have helped the debtors prepare their bankruptcy documents and then assisted them with something that was unrelated to the preparation of bankruptcy documents.  While the former would be subject to the requirements of 11 U.S.C. § 110(a)(1), the latter would be beyond the scope of section 110.

However, Ms. Mahaney's credit repair services were without substance or benefit to the debtors.  They were a sham used to justify a higher fee and evade the limits on fees that can be charged for the preparation of bankruptcy documents.[1]  The credit repair service was limited to ordering the debtors' credit reports to determine whether their prebankruptcy debts were identified as "discharged in bankruptcy."  If they were not, Ms. Mahaney wrote a letter to the credit reporting agency requesting that the debt be reported as discharged.

---

[1] This court's Guidelines Pertaining to Bankruptcy Petition Preparers in Eastern District of California Bankruptcy Cases, adopted October 20, 1997, permits bankruptcy petition preparers to charge up to $125 for the preparation of a bankruptcy petition and associated schedules and statements.  This is a presumptively reasonable fee.  A preparer may charge more that $125, but if the fee is challenged, the preparer must demonstrate that it was reasonable under the circumstances of the particular case.

Credit reporting agencies routinely report a chapter 7 bankruptcy discharge on credit reports. And, they eventually cease reporting as delinquent prebankruptcy debts, noting their discharge in bankruptcy. Apparently, Ms. Mahaney was attempting to speed up the reporting of the debtors' prebankruptcy debts as "discharged."

The value of this service to the debtors is dubious. First, the benefit to any debtor of a credit report's notation of a debt's discharged status is tempered by the fact that the bankruptcy discharge is on the credit report for 10 years. The presence of a bankruptcy filing and discharge will limit a debtor's access to new credit, whether or not debts are identified as discharged. Second, there is no evidence in this case that the debtors were attempting to incur new credit that would be unavailable if their old debts were not reported as discharged. Third, even though the debtors' case has been over since September 28, 2010, Ms. Mahaney efforts to restore their credit have been minimal.

The court concludes that Ms. Mahaney's credit repair services were an artifice to justify a higher fee for unnecessary services offered in connection with the preparation of bankruptcy documents. Those services were insignificant and of no benefit to the debtors.

Therefore, all of the fees charged are subject to the limitations imposed by section 110.

II

Turning to the merits of the motion, section 110(a)(1)

-6-

defines a "bankruptcy petition preparer" as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing." "A 'document for filing' means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." 11 U.S.C. § 110(a)(2).

The statute then goes on to define the preparer's obligations, as outlined in section 110(b)-(h). A preparer who violates any of subsections (b) through (h) may be fined up to $500 for each violation. 11 U.S.C. § 110(l)(1).

Ms. Mahaney is a bankruptcy petition preparer within the meaning of section 110(a)(1).

Ms. Mahaney was the one who gathered the information she determined was needed for the filing of the debtors' bankruptcy case. She is the one to whom the debtors paid the $3,200 fee for the preparation of the bankruptcy documents. The debtors did not meet or pay any fees to Ms. Foster, whose name, signature, address, and social security number appears on the petition documents. And, even though the debtors' bankruptcy petition document may not have been physically prepared by Ms. Mahaney, they were completed with the information she deemed appropriate and necessary. She gathered the information, organized the information, and provided the information to another who merely transferred it to the bankruptcy documents.

Ms. Mahaney acted as the debtors' bankruptcy advisor before and after the filing of the petition. She advised them about the

-7-

filing of a joint petition, discussed with them whether they could keep a vehicle in bankruptcy, advised them about the reinstatement of their case after dismissal and closure, and told the debtors what to expect at the meeting of creditors.  The fact that Ms. Mahaney may have "consulted" with Ms. Foster about these issues, before discussing them with the debtors, is irrelevant. This makes Ms. Mahaney a debt relief agency and a bankruptcy petition preparer within the meaning of section 110(a)(1).  See also 11 U.S.C. § 101(12A).

Section 110(b)(1) requires a preparer who prepares a document for filing to sign the document and print on the document the preparer's name and address.  The petition, the schedules, the statement of financial affairs, the statement of intention, and the statement of means test calculation do not contain Ms. Mahaney's signature or name.  Ms. Mahaney's failure to place her name and signature on each of these documents is a separate violation.  Because the court is unaware of any other violations of section 110 by Ms. Mahaney in other cases, the court will assess a fine of $250 for these violations as well as the other violations described below.

11 U.S.C. § 110(b)(2) provides:

(A) Before preparing any document for filing or accepting any fees from or on behalf of a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure.
(B) The notice under subparagraph (A)—
    (i) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice;
    (ii) may contain a description of examples of legal advice that a bankruptcy petition preparer

1           is not authorized to give, in addition to any
2           advice that the preparer may not give by reason of
          subsection (e)(2); and
3           (iii) shall—
               (I) be signed by the debtor and, under
               penalty of perjury, by the bankruptcy
4                petition preparer; and
               (II) be filed with any document for filing.

5

6     Ms. Mahaney neither provided the debtors with the required

7 written notice, nor did she file the notice with the bankruptcy

8 petition, schedules, and statements.  While a notice was filed,

9 it bears only the name and signature of Ms. Foster.

10     The debtors also have never signed the petition, statements,

11 and schedules.  Hunt-Ellis Decl. at 2.  The court concludes that

12 the debtors' signatures on these documents, including on the

13 notice signed by Ms. Foster, have been forged.

14     The court will assess a second $250 fine against Ms. Mahaney

15 under section 110(b)(2).

16     Section 110(c)(1) and (c)(2)(A) also require a preparer who

17 prepares a document for filing to place her social security

18 account number after the preparer's signature.  11 U.S.C. §

19 110(c)(2)(A) provides: "Subject to subparagraph (B), for purposes

20 of this section, the identifying number of a bankruptcy petition

21 preparer shall be the Social Security account number *of each*

22 *individual who prepared the document or assisted in its*

23 *preparation*."

24     The petition, the schedules, the statement of financial

25 affairs, the statement of intention, and the statement of means

26 test calculation do not contain Ms. Mahaney's social security

27 number, even though she directed the preparation of the debtors'

28 bankruptcy petition documents.  Ms. Mahaney's failure to place

-9-

her social security number on each of these documents is a separate violation.  The court will assess a third fine of $250 for this violation.

Section 110(f) prescribes: "A bankruptcy petition preparer shall not use the word 'legal' or any similar term in any advertisements, or advertise under any category that includes the word 'legal' or any similar term."  Nevertheless, Ms. Mahaney uses the word "legal" in one of her two business names, under which she operates, Legal Docs "R" Us.  Ms. Mahaney has used this business name in communications with at least one creditor of the debtors.  See Exhibits to Motion at 5.  The use of the word "legal" in the business name used by Ms. Mahaney suggests and tends to communicate to both clients and parties she contacts that she provides legal services.  Yet, Ms. Mahaney is not a member of the California bar or any other bar.  The court concludes that Ms. Mahaney's use of the word legal, in one of the two business names under which she operates, violates section 110(f).  Hence, the court will assess a fourth fine of $250 against Ms. Mahaney.

Section 110(h)(2) requires a bankruptcy petition preparer to file with the petition a declaration disclosing any fees received by the preparer from or on behalf of the debtor within 12 months before the petition filing and any unpaid fees charged to the debtor.

Ms. Mahaney collected a fee of $3,200 from the debtors.  She shared $125 of the fee with Ms. Foster.  Even under Ms. Mahaney's version of the facts (which is not accepted by the court), at least some of this fee was for Ms. Mahaney's preparation of

1  bankruptcy documents. At a minimum, she gathered the information
2  for the documents and then provided it to another who typed the
3  documents and shared her fee with that person. In violation of
4  section 110(h)(2), Ms. Mahaney did not submit a declaration
5  disclosing her collection of a fee from the debtors for this
6  work. The court notes further there is no reference to the
7  collection of the $3,200 in the statement of financial affairs.

8  The only disclosure of fees is from Ms. Foster, with whom
9  the debtors never met. Ms. Foster executed a disclosure of
10 compensation that was filed with the debtors' petition. She
11 disclosed the fee of $125 given to her by Ms. Mahaney.

12 Given the above, the court concludes that Ms. Mahaney has
13 violated section 110(h)(2), warranting the assessment of a fifth
14 $250 fine.

15 Section 110(l)(2) requires the tripling of fines assessed
16 under section 110(l)(1), when a preparer prepares a document for
17 filing in a manner that fails to disclose the identity of the
18 preparer. 11 U.S.C. § 110(l)(2)(D). Ms. Mahaney's name as the
19 petition preparer has not been disclosed anywhere in the petition
20 documents, even though she says that she spent 85 hours gathering
21 the information needed to complete the bankruptcy petition,
22 schedules, and statements. Therefore, the court will triple the
23 fines assessed against Ms. Mahaney.

24 The court will order Ms. Mahaney to disgorge the $3,200 fee,
25 less the $125 paid to Ms. Foster, she collected from the debtors.
26 Section 110(h)(3)(B) provides: "All fees charged by a bankruptcy
27 petition preparer may be forfeited in any case in which the
28 bankruptcy petition preparer fails to comply with this subsection

-11-

1 | or subsection (b), (c), (d), (e), (f), or (g)."

2 | Finally, section 110(i)(1) provides:

3 | If a bankruptcy petition preparer violates this section
or commits any act that the court finds to be
4 | fraudulent, unfair, or deceptive, on the motion of the
debtor, trustee, United States trustee (or the
5 | bankruptcy administrator, if any), and after notice and
a hearing, the court shall order the bankruptcy
6 | petition preparer to pay to the debtor—
(A) the debtor's actual damages;
7 | (B) the greater of—
(i) $2,000; or
8 | (ii) twice the amount paid by the debtor to
the bankruptcy petition preparer for the
9 | preparer's services; and
(C) reasonable attorneys' fees and costs in moving
10 | for damages under this subsection.

11 | Ms. Mahaney's failure to disclose her preparation of the

12 | debtors' bankruptcy petition documents despite collecting fees

13 | from the debtors for these services, and her attempt to justify

14 | this exorbitant, undisclosed fee by claiming to have provided

15 | unnecessary and unhelpful credit repair services to the debtors,

16 | constitutes fraudulent, unfair, or deceptive conduct for purposes

17 | of section 110(i)(1).

18 | The court will order Ms. Mahaney to pay the debtors $6,125,

19 | twice the net fee she collected from them.

20 |

21 | III

22 | There are two aspects to this case that are troubling.

23 | This court has adopted guidelines specifying a fee that is

24 | presumptively reasonable for a nonattorney to charge for the

25 | preparation of bankruptcy documents.  See Guidelines Pertaining

26 | to Bankruptcy Petition Preparers, etc., adopted Oct. 20, 1997.

27 | In this instance, Ms. Foster took the presumptively reasonable

28 | fee but Ms. Mahaney charged the debtors a further $3,025 to

-12-

gather all of the information used by Ms. Foster to prepare the bankruptcy documents.  Had Ms. Foster done all of the work, she would have been limited to the presumptively reasonable fee (other a higher fee if she demonstrated that the presumptive fee was inadequate).  By the device of subdividing the work, Ms. Mahaney attempted to evade, not only this court's guidelines, but the requirements of section 110.

Ms. Mahaney also attempted to evade the requirements of section 110 by claiming to provide other services unrelated to the preparation of the debtors' bankruptcy petition.  Her credit repair services were unnecessary, of no benefit to the debtors, and required minimal time and effort.  Because they were offered in connection with the preparation of the bankruptcy documents and were a sham designed only to extract more money from the debtors, the court has dealt with them under section 110.

A separate order will be entered.  The U.S. Trustee shall lodge a proposed form of order.

Dated: **26 July 2011**

By the Court

Michael S. McManus, Judge
United States Bankruptcy Court

-13-

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**CERTIFICATE OF MAILING**

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities at the addresses shown below or on the attached list.

Jack Burstein
1730 Sonoma Blvd
Vallejo, CA 94590

Donnie Ellis
1318 Bittern Way
Suisun, CA 94585

Rachel Hunt-Ellis
1318 Bittern Way
Suisun, CA 94585

Geoffrey Richards
PO Box 579
Orinda, CA 94563

Office of the U.S. Trustee
Robert T Matsui United
States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Rita Mahaney
175 East D St
Benicia CA 94510

**DATED:** 7/28/11

**By:** Deputy Clerk

**EDC 3-070 (Rev. 6/28/10)**